UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 18-62724-CIV-ALTONAGA

CARLOS ROBERTO MAJANO GARCIA,

    Petitioner,

vs.

JIM MARTIN, Acting Director, Miami Field
Office, Immigration and Customs Enforcement
(ICE); KIRSTJEN NIELSEN, Secretary, U.S.
Department of Homeland Security (DHS),

    Respondents.
_____/

## ORDER DENYING PETITIONER'S EMERGENCY MOTION FOR INJUNCTIVE RELIEF (STAY OF REMOVAL)

Petitioner Carlos Roberto Majano Garcia seeks to enjoin removal to his native Honduras. This Court finds that it lacks subject-matter jurisdiction to stay Petitioner's removal and further holds that under these facts Petitioner has failed to meet his burden to obtain the extraordinary remedy of a preliminary injunction.

## I. BACKGROUND

Petitioner Carlos Roberto Majano Garcia, a citizen of Honduras, entered the United States on August 24, 2005 without being inspected or admitted by an immigration officer. The following day, Petitioner was arrested by Border Patrol Agents. Petitioner was not in possession of any immigration documentation allowing him to be or remain in the United States legally. At that time, Border Patrol issued a Notice to Appear, charging Petitioner with being subject to removal under the Immigration and Nationality Act. The same day he was arrested, Petitioner was released on his own recognizance.

On October 28, 2005, Petitioner did not appear at his scheduled removal hearing and no reasonable cause was provided for his failure to appear. The Immigration Judge found that a Notice of Hearing had not been served upon Petitioner because he failed to provide the Immigration Court with his address, as required by the Immigration and Nationality Act, and that Petitioner was notified of this requirement in the Notice to Appear, which he received when he was arrested. Consequently, the Immigration Judge ordered Petitioner removed to Honduras. To date, Petitioner has not appealed this removal order to the appropriate United States Court of Appeals.

Instead, 8 years later, Petitioner moved to reopen his removal proceeding. On January 13, 2014, the Immigration Judge denied Petitioner's motion and rejected Petitioner's claim that he provided the Immigration Court with an address for the Notice of Hearing because Petitioner's "representation that an address was provided [was] contradicted by all of the contemporary records (including the Notice to appear served on [Petitioner]) created on August 25, 2005 when the [Petitioner] was apprehended." (D.E. 11-4 at 2.) Moreover, the Immigration Judge ruled the Court was "required by the statutory scheme created by Congress to proceed without notice to or participation by the [Petitioner]." *Id.* Petitioner appealed the denial of his motion to reopen removal proceedings, but the Board of Immigration Appeals dismissed his appeal in 2015 because Petitioner did not provide a sworn statement that he had provided his address to the Department of Homeland Security at the time he was released from custody in 2005. Specifically, the Board of Immigration Appeals found that counsel's argument was not evidence and because the contemporary evidence of the record contradicted Petitioner's claim. The Board of Immigration Appeals further noted that Petitioner "did not demonstrate diligence in pursuing his immigration status as he only filed his motion to reopen proceedings

approximately 8 years after being ordered removed in absentia." (D.E. 11-5 at 4–5.) Petitioner once again did not appeal this adverse ruling to the appropriate United States Court of Appeals.

As of October 16, 2018, Petitioner remained subject to removal under the Immigration Court's 2005 order. As such, Petitioner was taken into custody by U.S. Immigration and Customs Enforcement when he reported for his Order of Supervision in Miramar, Florida on October 16, 2018.

On October 25, 2018, Petitioner's Lawful Permanent Resident spouse, Olga Lidia Carballa Rodriguez, submitted Form I-130 Petition for Alien Relative on Petitioner's behalf to begin his lawful permanent resident application process.

On October 29, 2018, Petitioner submitted an Emergency Motion to Reopen and Stay of Removal with the Board of Immigration Appeals. On November 2, 2018, the Board of Immigration Appeals denied Petitioner's request for stay of removal. Once again, Petitioner did not appeal this order to the appropriate United States Court of Appeals.

On November 8, 2018, Petitioner commenced these proceedings by filing a Verified Petition for Writ of Habeas Corpus, APA Judicial Review, and Declaratory Relief, and an Emergency Motion for Injunctive Relief (Stay of Removal). The undersigned was assigned the case due to the previously scheduled absence of the original judge. On November 9, 2018, this Court ordered a hearing on the Emergency Motion for Tuesday, November 13, 2018 at 9:30 a.m., the first day after the court reopened following the Veterans' Day closure.

For the reasons that follow, Petitioner's Emergency Motions **(D.E. 4, 8)** are DENIED for lack of subject-matter jurisdiction.

## II. LEGAL STANDARD

Petitioner requests that this Court issue a preliminary injunction to stay Petitioner's

3

removal, which was ordered by a United States Immigration Judge in 2005. But before this Court can assess whether Petitioner can satisfy his burden to acquire a preliminary injunction, it must first determine that it has jurisdiction to answer this question.

Federal courts are courts of limited jurisdiction, deriving their authority from both constitutional and legislative sources. *See* U.S. Const. Art. III; 28 U.S.C. § 1331; *Keene Corp. v. United States*, 508 U.S. 200, 207–08 (1993). It is exclusively the power of Congress to restrict the jurisdiction of federal courts to adjudicate certain kinds of cases. *See Keene Corp.*, 508 U.S. at 207. With respect to immigration cases, challenges to removal orders or deportation are reviewable only by the appropriate court of appeals, not by a federal district court. *See* REAL ID Act. Pub. L. No. 109-13, 119 Stat. 302 (May 11, 2005); 8 U.S.C. § 1252(a)(5) ("Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of [the Immigration and Nationality Act.]").

If this Court has subject-matter jurisdiction, it can issue a preliminary injunction only if Petitioner can demonstrate: (1) a substantial likelihood of success on the merits; (2) that he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to Petitioner outweighs whatever damage the proposed injunction may cause the Government; and (4) if issued, the injunction would not be adverse to the public interest. *See Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003). A preliminary injunction is, however, "an extraordinary and drastic remedy not to be granted unless the [Petitioner] 'clearly carries the burden of persuasion' as to the four prerequisites." *Zardui-*

*Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985) (citations omitted).

## III. DISCUSSION

### A. This Court Does Not Have Subject-Matter Jurisdiction to Stay Petitioner's Removal

Petitioner requests that this Court issue a preliminary injunction to stay Petitioner's removal, which was ordered by a United States Immigration Judge in 2005. By seeking injunctive relief to stay his removal, Petitioner is challenging the lawfulness and enforcement of the removal order. But in 2005, the REAL ID Act was signed into law and the Immigration and Nationality Act was amended to limit the jurisdiction of United States District Courts to review orders of removal. Specifically, the Immigration and Nationality Act was amended to add a new subsection (5) to 8 U.S.C. § 1252(a), which provides that "[n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal" under the Immigration and Nationality Act.

Notwithstanding the clear Congressional intent to strip district courts of jurisdiction to review removal orders entered by United States Immigration Courts, Petitioner argues this Court has jurisdiction to enjoin his removal pursuant to several constitutional and statutory sources: (1) habeas corpus jurisdiction under 28 U.S.C. §§ 2241, *et seq.*, and U.S. Const. Art. I, § 9, cl. 2 (Suspension Clause); (2) federal question jurisdiction under 28 U.S.C. § 1331 in conjunction with the Administrative Procedures Act, 5 U.S.C. §§ 701, *et seq.*; and (3) declaratory judgment jurisdiction under 28 U.S.C. § 2201. The Government argues this Court entirely lacks subject-matter jurisdiction. This Court agrees with the Government.

5

## 1.) The Immigration and Nationality Act Strips This Court of Jurisdiction to Stay Petitioner's Removal.

In 2005, the United States Immigration Judge ordered Petitioner removed from the United States to Honduras for failure to appear at his removal hearing, pursuant to its authority under the Immigration and Nationality Act. 8 U.S.C. § 1229a(a)(3) ("[A] proceeding under this section shall be the sole and exclusive procedure for determining whether an alien may be . . . removed from the United States."). Congress, through several provisions of the Immigration and Nationality Act, stripped the United States District Courts of jurisdiction.

First, Congress gave the exclusive means of reviewing an order of removal to the court of appeals—not the district courts:

> EXCLUSIVE MEANS OF REVIEW -- *Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision*, and sections 1361 and 1651 of such title, *a petition for review filed with the appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of the Act*, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

*See* § 1252(a)(5) (emphasis added). And other provisions of the Immigration and Nationality Act's judicial review provision also demonstrate that subject-matter jurisdiction to review challenges to removal orders is reserved solely to the United States Court of Appeals. *See* § 1252(b)(2) (*"The petition for review shall be filed with the court of appeals* for the judicial circuit in which the immigration judge completed the proceedings.") (emphasis added). In fact,

6

the only primary role given to district courts to review removal orders is in the context of "an order of removal [that] has not been judicially decided" where the petitioner is concurrently a defendant in criminal proceedings charging violations of 8 U.S.C. § 1253(a). *See* § 1252(b)(7). But this provision is inapposite here because Petitioner is not pending trial for violating § 1253(a).

Second, Congress's stripping district courts of jurisdiction to review removal orders is further evidenced by the jurisdictional bars precluding aliens from filing habeas actions in district court to collaterally attack an Immigration Court removal order. In fact, the unambiguous language of § 1252(a)(5) expressly precludes Petitioner from using habeas as a vehicle to challenge his removal: "*[n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision* . . . a petition for review filed with the appropriate *court of appeals* in accordance with this section shall be the *sole and exclusive means for judicial review of an order of removal.*" § 1252(a)(5) (emphasis added).[1]

Third, Congress's stripping district courts of jurisdiction to review removal orders is also demonstrated by § 1252(a)(5)'s broad general repealing clause which states that "*[n]otwithstanding any other provision of law (statutory or nonstatutory)* . . . a petition for review filed with the *appropriate court of appeals* in accordance with this section *shall be the*

---

[1] The jurisdictional bar against using habeas actions to challenge removal orders is supported by several other provisions of the Immigration and Nationality Act as well. *See, e.g.*, 8 U.S.C. § 1252(b)(9) ("Except as otherwise provided in this section, *no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision*, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.") (emphasis added); 8 U.S.C. § 1252(g) ("Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), *including section 2241 of Title 28, or any other habeas corpus provision* . . . *no court shall have jurisdiction to hear any cause or claim* by or on behalf of any alien arising from the decision or action by the Attorney General . . . .") (emphasis added).

*sole and exclusive means* for judicial review of an order of removal." *Id.* (emphasis added). This interpretation of the general repealing clause finds support in the Supreme Court's ruling in *Cisneros v. Alpine Ridge Grp.*, where the Court recognized that "the use of such a 'notwithstanding' clause clearly signals the drafter's intention that the provisions of the 'notwithstanding' section override conflicting provisions of any other section" and that "[l]ikewise, the Courts of Appeals generally have interpreted similar 'notwithstanding' language . . . to supersede all other laws, stating that [a] clearer statement is difficult to imagine." 508 U.S. 10, 18 (1993) (internal quotations and citations omitted). Accordingly, the general repealing cause in § 1252(a)(5) forecloses Petitioner's claim that this Court has federal question jurisdiction (28 U.S.C. § 1331), declaratory judgment jurisdiction (28 U.S.C. § 2201), and jurisdiction under the Administrative Procedures Act (5 U.S.C. §§ 701, *et seq.*).[2]

### 2.) The Suspension Clause Does Not Give This Court Jurisdiction to Stay Petitioner's Removal.

Petitioner also argues this Court has jurisdiction to stay his removal under the Suspension Clause. Petitioner cites three district court cases in support: *Ibrahim v. Acosta*, 2018 WL 582520, No. 17-cv-24574-GAYLES (S.D. Fla. Jan 26, 2018); *Devitri v. Cronen*, 290 F. Supp. 3d 86 (D. Mass. Nov. 27, 2017); *Hamama v. Adducci*, 258 F. Supp. 3d 828 (E.D. Mich. July 11,

---

[2] Petitioner's claim that this Court has declaratory relief jurisdiction to review removal orders is also rebuffed by § 1252(b)(5)(B), which provides that if the court of appeals finds a genuine issue of material fact regarding the petitioner's nationality (*i.e.* that the petitioner is in fact a national of the United States), then the United States Court of Appeals may transfer the proceeding to a district court for a hearing on the nationality claim "as if an action had been brought" under 28 U.S.C. § 2201. This provision emphasizes that the United States Court of Appeals holds the exclusive power to review removal orders because the district court is invited into the removal review process only upon: a "transfer" from the court of appeals, for the *limited role* of holding a hearing to decide the *limited issue* of nationality, where a petitioner claims to be a United States national, and the Court of Appeals finds a genuine issue of fact as to that claim. This provision is not applicable here because the Petitioner is not challenging his nationality.

2017). These authorities are unavailing.

In *Ibrahim v. Acosta*, a case from this District, the court ruled that "the jurisdictional bar in 8 U.S.C. § 1252(g) would preclude Petitioners from raising their new legal claims in a manner which comports with the law, in violation of the Suspension Clause." 2018 WL 582520, at *6. But the court's finding of "limited jurisdiction" made clear that it was premised on the "unique circumstances of th[e] case" which included a botched deportation flight caused by the government's own alleged misconduct, resulting news coverage, and escalation of violence in the deportees' home country. *Id.* Petitioner's case does not present the "unique circumstances" that compelled the court to find "limited jurisdiction" under the Suspension Clause in *Ibrahim*. To the contrary, Petitioner's case comes to this Court 13 years after Petitioner failed to appear for his removal hearing, resulting in the order of removal which he now seeks to stay and which he never appealed to the United States Court of Appeals.

Notwithstanding that *Devitri* and *Hamama* are non-binding out-of-circuit cases, they also fail to show this Court has jurisdiction under the Suspension Clause. At the start, the courts in *Devitri* and *Hamama* found that the petitioners in those cases had a procedural due process right to be heard on their motions to reopen. *See Hamama*, 261 F. Supp. 3d at 838–42; *Devitri*, 290 F. Supp. 3d at 92–93. But that is not the law of this Circuit. And at its core, the Suspension Clause prevents Congress from suspending the Writ of Habeas Corpus, except in cases of rebellion or invasion, where the public safety requires it. *See* Art. I, § 9, cl. 2. It does not grant due process rights to aliens who are ordered removed, but who fail to appeal the removal order to the United States Court of Appeals, as provided for by Congress in the Immigration and Nationality Act— Congress's comprehensive regulatory scheme governing removal of aliens. As discussed above, this comprehensive regulatory scheme grants exclusive jurisdiction to review orders of removal

9

to the United States Court of Appeals—not United States District Courts. *See* § 1252(a)(5). Therefore, the Suspension Clause does not give this Court subject-matter jurisdiction to stay Petitioner's removal.

### 3.) Petitioner Cannot Sidestep the Jurisdictional Bars in the Immigration and Nationality Act by Commencing the Lawful Permanent Resident Application Process.

Petitioner also argues that his spouse's filing of an I-130 Petition for Alien Relative permits this Court to stay his removal pending denial of his lawful permanent resident application. Petitioner invites this Court to rely on two non-binding out-of-circuit cases, which are currently pending on appeal: *Calderon v. Sessions*, Case No. 1:18-cv-5222-PAC, 2018 WL 3677891 (S.D.N.Y. Aug. 1, 2018) and *De Jesus Martinez v. Nielsen*, 18-cv-10963, 2018 WL 4442229 (D.N.J. Sept. 14, 2018). Both courts ruled that § 1252's jurisdictional bars did not apply because the petitioners in those cases challenged the Immigration and Customs Enforcement Agency's legal authority to deport the petitioners without affording them the opportunity to proceed through the lawful permanent resident application process, as opposed to challenging the validity of the removal order. *See Calderon*, 2018 WL 3677891, at *5–6; *De Jesus Martinez*, 2018 WL 4442229, at *3–4.

But that is also not the law of this Circuit. And federal law is clear: Congress did not intend for district courts to review removal orders. *See supra*; *see generally* § 1252. Accordingly, this Court declines Petitioner's invitation to follow these non-binding authorities and stay Petitioner's removal because such a ruling would run contrary to Congress's clear intent to preclude district courts from reviewing removal orders.

### B. Notwithstanding Lack of Subject-Matter Jurisdiction, Petitioner Does Not Meet His Burden for a Preliminary Injunction

Assuming *arguendo* this Court has subject-matter jurisdiction—and it does not—this Court may issue a preliminary injunction only if Petitioner could demonstrate: (1) a substantial likelihood of success on the merits; (2) that he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to Petitioner outweighs whatever damage the proposed injunction may cause the Government; and (4) if issued, the injunction would not be adverse to the public interest. *Four Seasons Hotels and Resorts, B.V.*, 320 F.3d at 1210. A preliminary injunction, however, is "an extraordinary and drastic remedy not to be granted unless the [Petitioner] 'clearly carries the burden of persuasion' as to the four prerequisites." *Zardui-Quintana*, 768 F.2d at 1216 (citations omitted).

Here, Petitioner would fail to meet his burden if this Court could decide the preliminary injunction issue. From the outset, Petitioner fails to show a substantial likelihood of success on the merits. Petitioner's moving papers appear to argue his due process rights would be violated if he is removed prior to denial of his lawful permanent residence application. But Petitioner fails to demonstrate he has a legal right to remain in the United States while his application is still pending—nor could he, "[b]ecause Congress possesses plenary power over immigration and aliens have no constitutional right to enter or remain in the United States, [and] an entitlement to an immigration benefit must be conferred by statute." *Ibarra v. Swacina*, No. 09-22354-CIV, 2009 WL 4506544, at *5 (S.D. Fla. Dec. 3, 2009), *aff'd*, 628 F.3d 1269 (11th Cir. 2010) (citing U.S Const. Art. I, § 8, cl. 4 (providing that "Congress shall have the Power . . . To establish an uniform Rule of Naturalization"); *INS v. Chadha*, 462 U.S. 919, 940 (1983) ("The plenary authority of Congress over aliens under [the Naturalization Clause] is not open to question.")). Petitioner does not point this Court to any benefit conferred by Congress for him to remain in the United States pending denial of his lawful permanent resident application.

Consequently, Petitioner fails to demonstrate a likelihood of success on the merits, let alone a substantial likelihood.

Furthermore, Petitioner's removal pursuant to the Immigration Judge's 2005 order is commensurate with the public's interest in enforcing federal law. Petitioner unlawfully entered the United States in August 2005 and was arrested by Border Patrol agents. He was issued a Notice to Appear and was released on his own recognizance. Petitioner failed to provide his address to the Immigration Court, as he was advised to do. Consequently, he was ordered removed in absentia in October 2005. For the nearly eight years, Petitioner did not take any actions to inquire or correct his unlawful presence in the United States. In September 2013, an Immigration Judge denied Petitioner's motion to reopen his removal proceedings. Petitioner appealed and the Board of Immigration Appeals dismissed the appeal in January 2014. For another 4 years, Petitioner did not take any actions to inquire or correct his unlawful presence in the United States. In fact, Petitioner commenced his permanent lawful residence application process only after he was arrested in October 2018.

In short, Petitioner remained unlawfully in the United States since he entered Texas for the first time in 2005. The public has an interest in enforcing federal law. For these reasons alone, Petitioner would not satisfy the preliminary injunction factors and thus his Emergency Motions for a stay of his removal would be denied even if this Court had subject-matter jurisdiction.

## IV. CONCLUSION

Therefore, for all the aforementioned reasons, this Court does not have jurisdiction to stay Petitioner's removal. Consequently, Petitioner's Emergency Motions **(D.E. 4, 8)** are **DENIED** for lack of subject-matter jurisdiction. In the interests of justice, the Court

nevertheless stays Petitioner's removal for 10 days only following entry of this order in the event Petitioner wants to appeal.

DONE AND ORDERED in Chambers at Miami, Florida, this 14th of November 2018.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

*For* CECILIA M. ALTONAGA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

The Honorable Cecilia M. Altonaga

Counsel of Record